# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| WILLIAM HOWISON, *in his capacity as Chapter 7 Trustee of the Bankruptcy Estate of John B. and Susan E. Everest,* </br></br> APPELLANT </br></br> v. </br></br> BANK OF AMERICA, N.A., ET AL., </br></br> APPELLEES | CIVIL NO. 2:14-CV-05-DBH |

**PROCEDURAL ORDER**

I have reviewed the briefs on this appeal, as well as the motion for certification and responses, and I have read the bankruptcy court's decision and the pertinent documents, including the stipulations and the state district court judgments. I require two clarifications before I decide how to proceed.

First, although the parties say that the facts are stipulated, I see no basis in the stipulation for the following statement by the bankruptcy court in its decision: "The second foreclosure judgment was entered pursuant to a complaint in which Bank of America was named as a party-in-interest but as to which neither Peoples United Bank nor the debtors, and importantly the debtors, sought affirmative relief from the effects of the first judgment."

Appellant's Br. at 7 citing to Bankruptcy Court Hearing (ECF No. 3).[1]  The stipulation and exhibits do not contain the complaint or any pleadings from state district court, and thus I do not know where the bankruptcy court obtained this information about the state district court proceedings or whether it is accurate.  I believe that I and the Law Court (if I decide to certify any issues) should have a copy of the state court filings.

Second, the Trustee now agrees that he has no right to sell the property in question.  Appellant's Reply Br. at 2 (ECF No. 11).  He says that the relief he seeks is a judicial order compelling Bank of America to sell the property under the terms of the second state district court order, but I do not see that request for relief in either the Motion for Sale or the Adversary Complaint in the Bankruptcy Court.  It is not clear how or whether the trustee will be able to obtain such an order.  (He suggests a motion in the Maine District Court or a request for supplemental relief from the Bankruptcy Court.  Appellant's Reply Br. at 4 n.5.  The statutory time limit for public notice of sale under 14 M.R.S.A. § 6323 has probably expired.)  Bank of America seems to maintain that it has discretion whether to sell the property: "Should BANA *elect* to take either of its judgments to sale . . . ."  Br. of Appellee at 9 (ECF No. 7) (emphasis added).  If the bank cannot be compelled to sell the property, then this appeal seems to be seeking an advisory opinion, because a determination of the parties' priorities in distribution of sale proceeds has no significance if there is

---

[1] The transcript of November 12, 2013 Bankruptcy Court Hearing will not be publicly available until March 19, 2014.  Appellant Designation at 3 (ECF No. 1-4).  A PDF audio file is located on the Bankruptcy Court docket in Adversary Proceeding 12-02034 (Me. Bankr. ECF No. 43).

to be no sale.  United States District Courts customarily do not give advisory opinions.

Accordingly, I **DIRECT** the parties to file within 14 days their written positions on these two issues.  Replies, if any, shall be filed within 7 days thereafter.

**SO ORDERED.**

**DATED THIS 7TH DAY OF MARCH, 2014**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**